

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

December 27, 2005

**FILED**

**FEB 1 6 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Chong C. Park, Esq.
Leiser & Associates, PLLC
8229 Boone Boulevard, Suite 310
Vienna, Virginia 22182

Re:     Otto Antonio Gutierrez Jr.
        O6 cR ooo6

Dear Mr. Park:

This letter sets forth the full and complete plea offer to your client, Mr. Gutierrez. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on January 6, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Gutierrez agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 18 U.S.C. Section 1343 (Wire Fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Gutierrez and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Gutierrez agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Gutierrez's actions and involvement in the fraud scheme. It is anticipated that during the Rule 11 plea hearing, Mr. Gutierrez will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Mr. Gutierrez understands that the maximum sentence that can be imposed is 20 years imprisonment and a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 5 year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Gutierrez understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines"). Mr. Gutierrez understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Gutierrez further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Gutierrez's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

§2B1.1

| | |
|---|---|
| (a) Base Offense Level | 7 |
| (b) Specific Offense Characteristics | |
| (1)(H) Loss more of more than $400,000 | 14 |
| | |
| TOTAL | 21 |

Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

Mr. Gutierrez understands that the Government will seek a 2 level adjusted to his offense level pursuant to U.S.S.G. §2B1.1(9)(C) based upon the sophisticated means employed to commit the fraud and a two level enhancement pursuant to U.S.S.G. § 3B1.3 for his abuse of a position of private trust. Mr. Gutierrez, however, is free to take any position regarding the applicability of the sophisticated means or abuse of trust increases. The parties agree not to seek any upward or downward departures under Section five of the Sentencing Guidelines.

4. **Financial Arrangements:** Mr. Gutierrez agrees to pay restitution in the amount of $423,283 to The Inter-American Development Bank. Prior to sentencing, Mr. Gutierrez will make arrangements with The Inter-American Development Bank regarding this payment of restitution. In consideration of Mr. Gutierrez's agreement to make full restitution, the government agrees not to seek a monetary fine at the time of sentencing.

Prior to or at the time of the sentencing, Mr. Gutierrez also agrees to deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00 to cover the special assessment, as required in Title 18, United States Code, Section 3013, and to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Gutierrez expressly warrants that he has discussed these rules with his counsel and understands them. Gutierrez voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Mr. Gutierrez understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea

agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

6. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Gutierrez's criminal activities. In addition, Mr. Gutierrez acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. The Government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Government Concessions:** In exchange for his guilty plea, the Government agrees not to oppose: (1) Mr. Gutierrez's release pending sentencing if he produces any valid passports to the Court and signs a waiver of extradition; (2) a 3-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and (3) Mr. Gutierrez's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Gutierrez continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, the Government will not bring any additional criminal charges against Mr. Gutierrez in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the conduct outlined in the attached Statement of Offense.[1] This agreement not to prosecute Mr. Gutierrez does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the Government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Gutierrez.

10. **Court is not bound:** Mr. Gutierrez understands that the Court is not obligated to follow

---

[1] As part of this agreement, the United States Attorney's Office for the Eastern District of Virginia has agreed not to bring any charges relating to Mr. Gutierrez's and his wife's October 25, 2005 application with Countrywide Home Loans, Inc. for a $137,300 line of credit. The parties understand that (1) the equity in Mr. Guiterrez's home significantly exceeded the amount of the loan and (2) neither Mr. Guiterrez nor his wife have made any draws on this line of credit.

any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

11. **Breach of Agreement:** Mr. Gutierrez agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the Government will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, the Government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Gutierrez's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct). Mr. Gutierrez, however, will not have the right to withdraw the guilty plea. Mr. Gutierrez shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and the Government will be free to use against Mr. Gutierrez, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

12. **USAO's Criminal Division Bound:** Mr. Gutierrez understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office except with respect to the promise made by the Eastern District of Virginia as detailed in footnote 1, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Gutierrez.

13. **Waiver of Appeal:** Mr. Gutierrez is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. Mr. Gutierrez is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Judge. Knowing that, Mr. Gutierrez waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Mr. Gutierrez to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2. Further, Mr. Gutierrez reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, Mr. Gutierrez is aware that his sentence has not yet been determined by the Judge. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, Mr. Gutierrez knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the USAO in this agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir.), petition for cert.

4

<u>filed</u> (Jun. 27, 2002) (No. 02-5044).

14.    **Complete Agreement:**    No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Gutierrez, Mr. Gutierrez's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Gutierrez may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Gutierrez and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:    _____
SUSAN B. MENZER
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Chong C. Park, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:  2/16/2006

_____
Otto Antonio Gutierrez Jr.
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _2/16/06_

_____
Chong C. Park, Esquire
Attorney for the Defendant