**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        :
UNITED STATES OF AMERICA,               :
                                        :
    vs.                                 :    Docket No. CR-06-006-01
                                        :
OTTO A. GUTIERREZ, JR.,                 :
                                        :
         Defendant.                     :
_____:

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

COMES NOW Defendant, OTTO A. GUTIERREZ, JR., by counsel, and respectfully submits this memorandum in aid of sentencing. Upon considering this memorandum, the totality of the record in this case and arguments of counsels, Mr. Gutierrez respectfully requests that the Court sentence Mr. Gutierrez within the low-end of sentencing guidelines; or in the alternative, find that the sentencing guidelines do not reflect an appropriate sentence for Mr. Gutierrez, and accordingly, exercise its discretion not to apply the sentencing guidelines, and sentence him based on the Court's consideration of all other relevant factors set forth in 18 U.S.C. § 3553 (a).

**I.     Introduction.**

Otto A. Gutierrez Jr. stands before the Court for sentencing after pleading guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Mr. Gutierrez is ashamed and remorseful of his conduct in this case. Although his conduct is inexcusable, it does not truly portray Mr. Gutierrez as the gentle man who, through his hard work and personal achievements, had gained the respect of his co-workers and family before his wrongful acts came to light. This memorandum is submitted to the Court so that it may consider Mr. Gutierrez's character in totality. Mr. Gutierrez's remorse extends not only to the punishment in this case, but also to the

harm he has caused IDB and his former co-workers.  He asks that the Court give significant weight to his otherwise good nature and the punishment that he has already begun to endure.

**II.**     **Background of Otto Gutierrez, Jr.**

Mr. Gutierrez was born in Costa Rica in May 5, 1951.  His mother suffered from pancreatic cancer and passed away in 1981.  In 1986, his father passed away due to heart disease.  Mr. Gutierrez has two siblings, Maria Gutierrez-Coto and Sonia Pachezo.  He is extremely fortunate to have the love and support of his sisters, his children, and his wife of 29 years.

Mr. Gutierrez is the father of two children, Kristina Gutierrez (23 years old) and Jay Gutierrez (19 years old).  Mr. Gutierrez and his wife, Janice Gutierrez, have strived to raise their children with the values that his parents had stressed upon him - hard work, integrity, close communication and good will towards others.  On an emotional level, one of the most difficult consequences which he continues to deal with is the inconsistency between the manner in which he and his children were raised, and his actions that led to his conviction.

Mr. Gutierrez immigrated to the United States from Costa Rica in 1965. He eventually obtained a permanent residency status to the present day.  His wife and children are all U.S. citizens.  Because he has jeopardized his residency here in the United States, his deepest regret is that he will no longer maintain the closeness that he has had with his children.

**III.**     **Educational Background and Career Achievements.**

From June 16, 1975 to September 20, 2005, Mr. Gutierrez was employed by the Inter-American Development Bank (hereinafter "IDB").  He began his career with IDB as a messenger.  While employed, he earned his undergraduate degree in economics and masters degree in banking at American University.  As a young man who began his career as a

messenger, Mr. Gutierrez worked his way up the corporate ladder to become an Accounting Assistant, to Accountant, then to Principal Accountant. In his most recent position, he served as Chief of the Administrative Accountant Section until September 20, 2005 when he was terminated for his actions which led to the criminal charge to which he has pled guilty.

IV.     **Conduct Leading Up To Mr. Gutierrez's Conviction.**

From November 1995 to August 2005, Mr. Gutierrez embezzled $423,283.00 by creating fictitious accounts in his own name in most instances, and in the name of a "Bernardo Gutierrez" on few occasions. In September 2005, Mr. Gutierrez was terminated from the IDB, where he had been employed for more than 30 years. Mr. Gutierrez knows what he did was wrong, and offers no explanation for his inexcusable behavior.

While dealing with the civil consequences of his wrongful acts, Mr. Gutierrez, by counsel, promptly contacted the US Attorney's Office to find out what, if any, criminal charges had been instituted. He made this inquiry in order to understand the extent of the legal consequences of his actions, and to accept the consequences of his conduct. His attorney's initial contact with the AUSA was made while the Government was continuing to investigate the allegations against him, prior to any indictment. At all times since his attorney's initial contact with the AUSA, Mr. Gutierrez has fully cooperated with the government and IDB.

V.      **Actions Of Mr. Gutierrez To Make Restitution**

Following his termination at IDB, Mr. Gutierrez was contacted by IDB, through their attorney. IDB claimed restitution for the principal amount of $423,283.00, plus interest, accounting expenses, attorney's fees and punitive damages. Mr. Gutierrez immediately retained the undersigned counsel to represent him in this civil claim made against him by IDB. When

3

hiring counsel, Mr. Gutierrez's primary concern was to promptly facilitate payment of IDB's demand. His concern as to the amount claimed by IDB was minimal. His actions in this regard speak of his level of cooperation at all levels.

Consistent with IDB's interest in promptly resolving the civil matter, Mr. Gutierrez agreed to pay IDB a total amount $640,000.00, an amount far in excess of the $423,182.00 embezzled. The amount in excess of the principle $423,182.00 restitution represents all potential claims by IDB including interest, attorney's fees and punitive damages. Some of the amounts beyond the principle restitution amount represent costs incurred by IDB for third-party accountants to improve certain flaws in IDB's accounting system. Mr. Gutierrez's willingness to fully compensate IDB has been extraordinary.

Arrangements have been made for Mr. Gutierrez to *guarantee* payment of the full amount in a lump sum payment to IDB when his pension becomes available to him in June 2006. Mr. Gutierrez has given the undersigned counsel a limited power of attorney to surrender a lump sum pension payment directly over to IDB in June 2006. The arrangement that Mr. Gutierrez has made with IDB is more than a mere agreement. It is in fact assurance that IDB will be justly compensated.

## VI.     Sentencing Factors.

In imposing a sufficient sentence, Mr. Gutierrez respectfully requests that the Court give primary consideration to the factors set forth in 18 U.S.C. § 3553 (a) (1) (2) and (3). Although the Court must consider all relevant factors under 18 U.S.C. § 3553 (a), including subsection (4), it may, in its discretion, disregard application of the sentencing guidelines.

*Nature and Circumstances of the Offense*

As for the nature and circumstances of the offense, Mr. Gutierrez admits that the Statement of Facts filed in this case fairly and accurately represents the facts in this case. However, the circumstances in which Mr. Gutierrez committed the crime were not so sophisticated as the government suggests in the Statement of Facts filed in this case. The facts are that Mr. Gutierrez, for the majority of the instances of embezzlement, made the payments in his own personal account, in his own name. He did not attempt to launder the funds or otherwise divert it for the purpose concealing the origin of the money. Certainly, the conspicuousness of Mr. Gutierrez's action does not lessen the seriousness of the crime, however, Mr. Gutierrez requests that the Court consider these circumstances as relevant for the purposes for sentencing.

*History and Characteristics of Mr. Gutierrez*

Mr. Gutierrez is a man whose values are grounded on hard-work to gain success. Although his conduct in the instant offense does not reflect such a quality, it is clear from Mr. Gutierrez's background that he firmly believes in hard work, acceptance of responsibility and integrity. This one set of illegal conduct does not define Mr. Gutierrez.

This case is Mr. Gutierrez's only encounter with the criminal justice system. We respectfully submit that this will be his only contact with the criminal justice system. Although he committed this inexcusable crime, Mr. Gutierrez is a man who continues to adhere to the values from which he was raised, and of which he has instilled in his children. Putting aside his conduct in this case, his behavior was completely out of character. His friends will attest to Mr. Gutierrez as being a kind hearted man whose integrity and honesty would never be questioned, but for the terribly poor judgment that has led IDB and Mr. Gutierrez to these unfortunate set of circumstances. Letters from Mr. Gutierrez's friends are submitted to the Court for its

5

consideration of the trust and confidence that he has earned in their relationships with him. *See attached letters.*

### *Seriousness of Offense, Respect for the Law, and Just Punishment*

Embezzlement of more than $423,000.00 from IDB can only be described as extremely serious. However, beyond the Court's consideration of the instant offense, the consequences that Mr. Gutierrez has already begun to face suggests that he is deserving of the Court's leniency. As indicated above, he has lost a job which he has worked so hard to obtain. The pride that he and his loved ones had for him and his career accomplishments is lost. In all likelihood, he will never again be in any significant position of trust, and his education as an accountant will be of little value to him and his family. He has also lost a majority of his pension which has already affected his family, especially his children who will rely upon government assistance to fund their undergraduate and post-graduate education. We ask this Court to find that the embarrassment, financial loss, and loss of residency status that Mr. Gutierrez faces is, to a great extent, just punishment and appropriate in promoting respect for the law.

### *Adequate Deterrence and Public Protection from Further Crimes*

Considering Mr. Gutierrez's history and characteristics, Mr. Gutierrez is sure to re-enter society as an individual who will make every effort to lead a productive life for himself and his loved ones. Mr. Gutierrez's history of hard-work, his remorse, financial losses, his new found respect for the law, and the fact that it is highly unlikely that he will be placed in any significant position of trust, strongly suggests that he is not a recividist.

**VII.    Sentencing Guidelines and Plea Agreement.**

Under the sentencing guidelines, Mr. Gutierrez faces a total offense level of 22, including a 2 level enhancement for abuse of a position of private trust, and a 2 level increase for using sophisticated means. U.S.S.G § 2B1.1 (b)(9)(C); U.S.S.G. § 3B1.3.  Under the sentencing guidelines, Mr. Gutierrez faces a non-mandatory guidelines range of 41 to 51 months of imprisonment.  Under the plea agreement, he is permitted to argue against the enhancements for abuse of position of trust and using sophisticated means under U.S.S.G. § 3B1.3 and U.S.S.G. § 2B1.1 (b)(9)(C), respectively.  It would not be appropriate for Mr. Gutierrez to make any substantial argument that he was not in a position of private trust.  He was obviously placed in a position of trust at IDB.

In regards to the sophistication of the means in which he committed the crime, we submit that Mr. Gutierrez's conduct is not so sophisticated as to warrant a 2 level increase under U.S.S.G. § 2B1.1 (b)(9)(C).  Although Mr. Gutierrez was clearly in a position of trust as an accountant, the manner in which he embezzled the money was not so sophisticated as the Government suggests in the Statement of Facts filed in this case.  In most instances, he simply created fictitious invoices *under his own name*, "Antonio Otto Gutierrez" and issued checks to "Antonio Gutierrez" or authorized electronic payments to his personal account which is maintained under his name.  While the amount involved in this case and the position that Mr. Gutierrez held are significant, the method which he employed was relatively simple.  Indeed, Mr. Gutierrez, for more than 10 years, took advantage of an accounting system that was relatively fragile, however, the manner in which he embezzled the funds, until he was caught, was relatively simple.  Mr. Gutierrez concedes that a 2 level increase is appropriate for abusing a position of trust, but respectfully requests that the Court fully consider the manner in which he

committed the crime, and accordingly find that a 2 level enhancement for sophisticated means is not appropriate under the facts and circumstances of this case.

**VIII.   Considerations Under the Principles of U.S. v. Booker**

This Court must consider the sentencing guidelines in fashioning an appropriate sentence, however, application of the guidelines is not mandatory. U.S. v. Booker. 543 U.S. 220 125 S. Ct. 738 (2005).  In consideration of the factors set forth above and enumerate in 18 U.S.C. § 3553 (a)(1)(2) and (3), the Court could fashion a more appropriate sentence for Mr. Gutierrez if the Court, after considering the sentencing guidelines, exercised its discretion not to apply the guideline in this case.  This case, for the reasons stated above, presents a situation where the guidelines do not accurately reflect the appropriate punishment for Mr. Gutierrez.  Mr. Gutierrez's history, level of cooperation above and beyond what was expected by the government, his financial losses, loss of permanent residency, loss of career, and other personal losses, strongly support his request that the Court not apply the sentencing guidelines in this case.

WHEREFORE, Defendant OTTO A. GUTIERREZ , respectfully requests that the Court impose an appropriate sentence based primarily on factors other than the sentencing guidelines consistent with U.S. v. Booker and the factor enumerated in 18 U.S.C.S. § 3553; or in the alternative, find that the 2 level enhancement under the guidelines for sophisticated means not be factored, and sentence Mr. Gutierrez at the low-end of the guidelines.

> Respectfully submitted,
>
> OTTO A. GUTIERREZ,
>
> By Counsel,

_____/s/_____
LEISER & ASSOICATES, PLLC
By: Chong C. Park, Esq., VSB 45733
8229 Boone Blvd., Suite 310
Vienna, Virginia 22182
Tel (703) 734-5000, ext. 105
Fax (703) 734-6000
*Counsel for Defendant*