IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| vs. | : Docket No. CR-06-006-01 |
| OTTO A. GUTIERREZ, JR., | : |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

COMES NOW Defendant, OTTO A. GUTIERREZ, JR., by counsel, and respectfully submits this memorandum in aid of sentencing. Upon considering this memorandum, the totality of the record in this case and arguments of counsels, Mr. Gutierrez respectfully requests that the Court sentence him within the low-end of sentencing guidelines.

**I.      Introduction.**

Otto A. Gutierrez, Jr. stands before the Court for sentencing after pleading guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Mr. Gutierrez is ashamed and remorseful of his conduct in this case. Although his conduct is inexcusable, it does not truly portray Mr. Gutierrez as the gentle man who, through his hard work and personal achievements, had gained the respect of his co-workers and family before his wrongful acts came to light. This memorandum is submitted to the Court so that it may consider Mr. Gutierrez's character in totality. Mr. Gutierrez's remorse extends not only to the punishment he faces, but also to the harm he has caused IDB and his former co-workers. He asks that the Court give significant weight to his otherwise good nature and the punishment that he has already begun to endure.

## II.     Background of Otto Gutierrez, Jr.

Mr. Gutierrez was born in Costa Rica on May 5, 1951. His mother suffered from pancreatic cancer and passed away in 1981. In 1986, his father passed away from heart disease. Mr. Gutierrez has two siblings, Maria Gutierrez-Coto and Sonia Pachezo. He is extremely fortunate to have the love and support of his sisters, his children, and his wife of 29 years.

Mr. Gutierrez is the father of two children, Kristina Gutierrez (23 years old) and Jay Gutierrez (19 years old). Mr. Gutierrez and his wife, Janice Gutierrez, have strived to raise their children with the values that his parents had stressed upon him - hard work, integrity, close communication and good will towards others. On an emotional level, one of the most difficult consequences which he continues to deal with is the inconsistency between the manner in which he and his children were raised, and his actions that led to his conviction.

Mr. Gutierrez immigrated to the United States from Costa Rica in 1965. He eventually obtained permanent residency status. His wife and children are U.S. citizens. Because he has jeopardized his residency here in the United States, his deepest regret is that he will no longer maintain the closeness that he has had with his children.

## III.    Educational Background and Career Achievements.

From June 16, 1975 to September 20, 2005, Mr. Gutierrez was employed by the Inter-American Development Bank (hereinafter "IDB"). He began his career with IDB as a messenger. While employed, he earned his undergraduate degree in economics and masters degree in banking at American University. As a young man who began his career as a messenger, Mr. Gutierrez worked his way up the corporate ladder, becoming an Accounting Assistant, then an Accountant, and then a Principal Accountant. In his most recent position, he

served as Chief of the Administrative Accountant Section until September 20, 2005 when he was terminated for his actions which led to the criminal charge to which he has pled guilty.

**IV.     Conduct Leading Up To Mr. Gutierrez's Conviction.**

From November 1995 to August 2005, Mr. Gutierrez embezzled $423,283.00 by creating fictitious accounts in his own name in most instances, and in the name of a "Bernardo Gutierrez" on few occasions. In September 2005, Mr. Gutierrez was terminated from the IDB, where he had been employed for more than 30 years. Mr. Gutierrez knows what he did was wrong, and offers no acceptable explanation for his inexcusable behavior.

While dealing with the civil consequences of his wrongful acts, Mr. Gutierrez, by counsel, promptly contacted the US Attorney's Office to find out what, if any, criminal charges had been instituted. He made this inquiry in order to understand the extent of the legal consequences of his actions, and to accept the consequences of his conduct. His attorney's initial contact with the AUSA was made while the Government was actively investigating the allegations against him, prior to any indictment. At all times since his attorney's initial contact with the AUSA, Mr. Gutierrez has fully cooperated with the government and IDB.

**V.     Efforts To Make Restitution**

Following his termination at IDB, Mr. Gutierrez was contacted by IDB, through their attorney. IDB claimed restitution for the principal amount of $423,283.00, plus interest, accounting expenses, attorney's fees and punitive damages. Mr. Gutierrez immediately retained the undersigned counsel to represent him in this civil claim made against him by IDB. When hiring counsel, Mr. Gutierrez's primary concern was to promptly facilitate payment of IDB's demand. His actions in this regard speak of his level of cooperation at all levels.

Consistent with IDB's interest in promptly resolving the civil matter, Mr. Gutierrez agreed to pay IDB a total amount $640,000.00, an amount far in excess of the $423,182.00 embezzled. The amount in excess of the principle $423,182.00 restitution represents all potential claims by IDB including interest, attorney's fees, costs and punitive damages. Some of the amounts beyond the principle restitution amount represent costs incurred by IDB for third-party accountants to address certain flaws in IDB's accounting system. Mr. Gutierrez's willingness to fully compensate IDB has been extraordinary.

Arrangements have been made for Mr. Gutierrez to *guarantee* payment of the full amount in a lump sum payment to IDB when his pension becomes available to him in June 2006. Mr. Gutierrez has endorsed full payment directly over to IDB. From a financial standpoint, IDB has been justly compensated.

## VI.   Sentencing Factors.

In imposing a sufficient sentence, Mr. Gutierrez respectfully requests that the Court give primary consideration to the factors set forth in 18 U.S.C. § 3553 (a) (1) (2) and (3) in fashioning a sentence within the low-end of the guidelines.

*Nature and Circumstances of the Offense*

As for the nature and circumstances of the offense, Mr. Gutierrez admits that the Statement of Facts filed in this case fairly and accurately represents the facts in this case. However, the circumstances in which Mr. Gutierrez committed the crime were not so sophisticated as the government argues in the Statement of Facts filed in this case. The facts are that Mr. Gutierrez, for the majority of the instances of embezzlement, made the payments in his own personal account, in his own name. He did not attempt to launder the funds or otherwise

divert it for the purpose concealing the origin of the money. Certainly, the conspicuousness of Mr. Gutierrez's action does not lessen the seriousness of the crime, however, Mr. Gutierrez requests that the Court consider these circumstances as mitigating factors for the purpose for sentencing.

### *History and Characteristics of Mr. Gutierrez*

Mr. Gutierrez is a man whose values are grounded on hard-work to gain success. Although his conduct in the instant offense does not reflect such a quality, it is clear from Mr. Gutierrez's background that he firmly believes in hard work, acceptance of responsibility and integrity. This one set of illegal conduct does not define Mr. Gutierrez.

This case is Mr. Gutierrez's only encounter with the criminal justice system. We respectfully submit that this will be his only contact with the criminal justice system. Mr. Gutierrez continues to adhere to the values from which he was raised, and of which he has instilled in his children. Putting aside his conduct in this case, his behavior was completely out of character. Mr. Gutierrez's friends will attest to him as being a kind hearted man whose integrity and honesty would never be questioned, but for the terribly poor judgment that has led IDB and Mr. Gutierrez to these unfortunate set of circumstances. Letters from Mr. Gutierrez's friends are submitted to the Court for its consideration of the trust and confidence that he has earned in their relationship with him. *See attached letters.*

### *Seriousness of Offense, Respect for the Law, and Just Punishment*

Embezzlement of more than $423,000.00 from IDB can only be described as extremely serious. However, the consequences that Mr. Gutierrez has already begun to face suggests that he is deserving of the Court's leniency. As indicated above, he has lost a job which he has

5

worked so long and hard to obtain. The pride that he and his loved ones had for him and his career accomplishments is lost. In all likelihood, he will never again be in any significant position of trust, and his education as an accountant will be of little value to him and his family. He has also lost a majority of his pension which has already affected his family, especially his children who will rely upon government assistance to fund their undergraduate and post-graduate education. We ask this Court to find that the embarrassment, financial loss, and the likely loss of residency status that Mr. Gutierrez faces is, to a great extent, just punishment and appropriate in promoting respect for the law.

*Adequate Deterrence and Public Protection from Further Crimes*

Considering Mr. Gutierrez's history and characteristics, Mr. Gutierrez is sure to re-enter society as an individual who will make every effort to lead an honest and productive life for himself and his loved ones. Mr. Gutierrez's history of hard-work, his remorse, financial losses, his new found respect for the law, and the fact that it is highly unlikely that he will be placed in any significant position of trust, strongly suggests that he is not a recividist.

**VII.    Sentencing Guidelines and Plea Agreement.**

Under the sentencing guidelines, Mr. Gutierrez faces a total offense level of 22, including a 2 level enhancement for abuse of a position of private trust, and a 2 level increase for using sophisticated means. U.S.S.G § 2B1.1 (b)(9)(C); U.S.S.G. § 3B1.3. Under the sentencing guidelines, Mr. Gutierrez faces a guidelines range of 41 to 51 months of imprisonment. Under the plea agreement, he is permitted to argue against the enhancements for abuse of position of trust and using sophisticated means under U.S.S.G. § 3B1.3 and U.S.S.G. § 2B1.1 (b)(9)(C),

respectively. It would not be appropriate for Mr. Gutierrez to make any argument that he was not in a position of private trust. He was obviously placed in a position of trust at IDB.

In regards to the sophistication of the means in which he committed the crime, we submit that Mr. Gutierrez's conduct is not so sophisticated as to warrant a 2 level increase under U.S.S.G. § 2B1.1 (b)(9)(C).

The determination of whether a scheme is sophisticated is essentially a question of fact. United States v. Hunt, 25 F.3d 1092, 1096 (D.C. Cir. 94). Although Mr. Gutierrez was clearly in a position of trust as an accountant, the manner in which he embezzled the money was not as sophisticated as the Government suggests in the Statement of Facts filed in this case.

The Guidelines define sophisticated means as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense". U.S.S.G. Commentary § 2B1.1(b)(9)(C). The Application Notes further define sophisticated means as "hiding assets or transactions or both, through the use of fictitious entities, corporate shells, or offshore financial accounts" ordinarily indicates sophisticated means. U.S.S.G. Commentary § 2B1.1(b)(9)(C), Application Note 8(B).

In this case, for a great majority of the transactions, Mr. Gutierrez simply created fictitious invoices *under his own name*, "Antonio Otto Gutierrez" and issued checks to "Antonio Gutierrez" or authorized electronic payments to his personal account which is maintained under his name. While the amount involved in this case and the position that Mr. Gutierrez held are significant, the method which he employed was relatively simple. Indeed, Mr. Gutierrez, for more than 10 years, took advantage of an accounting system that was relatively fragile, however, the manner in which he embezzled the funds was relatively simple. Mr. Gutierrez concedes that a 2 level increase is appropriate for abusing a position of trust, but respectfully requests that the

Court fully consider the manner in which he committed the crime, and accordingly find that a 2 level enhancement for sophisticated means is not appropriate under the facts and circumstances of this case.

In <u>United States v. Hart</u>, 324 F.3d 575 (8th Cir. 2003), the Eighth Circuit held that the guidelines do not permit an enhancement for "any and all conduct that conceals an offense" and that the sophisticated means enhancement only applies when a defendant uses "especially complex or especially intricate offense conduct." In <u>Hart,</u> the defendant owned a used car business and referred some customers to another dealership, which in turn paid the defendant commission checks in the name of the defendant's car dealership. The defendant failed to keep any records identifying the personal commission income and personally endorsed the checks to a third party who acted as a private banker for the defendant. The Court held that the facts did not constitute sophisticated means and that the district court erred in applying the enhancement because the lack of record-keeping in addition to the other facts did not conceal the offense.

Here, Mr. Gutierrez utilized his knowledge of his own employer to create fictitious vendors and direct funds by check or wire transfer, usually to his own personal accounts. We submit that his actions do not justify application of the sophisticated means enhancement. As described above, Mr. Gutierrez did not take "especially complex or especially intricate" steps to execute or conceal his offense.

**VIII.     Request For Evaluation For Alcohol Abuse**

While certainly not an excuse for his conduct, periodic alcohol abuse may have influenced Mr. Gutierrez's actions over the years in which he embezzled money from IDB. Mr. Gutierrez

8

respectfully requests that the court order that he be evaluated for substance abuse by the Bureau of Prisons.

WHEREFORE, Defendant OTTO A. GUTIERREZ, respectfully requests that the Court impose an appropriate sentence by finding that the 2 level enhancement under the guidelines for sophisticated means does not apply, and sentence Mr. Gutierrez at the low-end of the guidelines based upon Mr. Gutierrez's lack of prior criminal record, his otherwise exemplary personal record, his remorse over his actions and the resulting damage, and restitution to IDB. Defendant also requests that he be placed in the Federal Correctional Institution's minimum security satellite camp in Cumberland, Maryland to serve his sentence such that he may be near his family in the Northern Virginia area.  Defendant further requests that the court permit him to voluntarily surrender himself to the Bureau of Prisons to serve the sentence imposed upon him.

        Respectfully submitted,

        OTTO A. GUTIERREZ,

        By Counsel,

_____/s/_____
LEISER & ASSOICATES, PLLC
By: Chong C. Park, Esq., VSB 45733
8229 Boone Blvd., Suite 310
Vienna, Virginia 22182
Tel (703) 734-5000, ext. 105
Fax (703) 734-6000
*Counsel for Defendant*