UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Criminal Action No. 06-0006 (JGP) |
| ) | |
| OTTO A. GUTIERREZ, JR., ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM**

On January 11, 2006, a one-count information was filed charging Defendant with wire fraud in violation of 18 U.S.C. § 1343. On February 16, 2006, Defendant pled guilty to the count pursuant to a written plea agreement and statement of facts. Defendant came before the Court for sentencing on May 17, 2006. At sentencing, the only disputed issue was the application of the two-level "sophisticated means" enhancement under the United States Sentencing Guidelines Manual ("Guidelines") § 2B1.1(b)(9)(C) (2005). The parties filed sentencing memoranda addressing that issue. For the reasons stated below, the Court found the enhancement applied.[1]

Defendant pled guilty to defrauding his employer, the Inter-American Development Bank ("IDB"), while serving as their "Principal Accountant" and later as the "Chief of the Administrative Accounting Section." The offense conduct took place from 1995 to 2005. Statement of Facts at 1; Plea Agreement. From 1995 through 2002, Defendant used the IDB accounting systems to create invoices in the names of "Bernardo Gutierrez" or "Antonio Gutierrez" and approved the issuance of checks to those fictional individuals. Statement of Facts at 2-3. Defendant debited these payments from the accounts payable accrual accounts because he

---

[1] The plea agreement stated that the government intended to seek the enhancement and permitted Defendant to take any position he chose with respect to it. Plea Agreement ¶ 3.

knew that these accounts were not regularly reviewed. He then deposited the checks into his personal bank account. *Id.* In 2002, IDB changed its accounting structure. *Id.* at 3. Defendant then created a vendor account in the name of "Antonio Gutierrez" and, from 2002 through 2005, directed IDB's bank to transfer money to his own bank account. Defendant again debited these payments from the accounts payable accrual accounts. After being confronted with violations in August 2005 and denying knowledge of how the payments had been made, Defendant accessed the accounting system and attempted to delete the fictitious vendor account. *Id.* The total value of the illegal payments made over this ten-year period was $423,283. Plea Agreement ¶ 4.

The Guidelines provide for a two-level increase in the offense level "[i]f . . . the offense . . . involved sophisticated means." U.S.S.G.M. § 2B1.1(b)(9)(C) (2005) (emphasis omitted). The Guidelines Commentary illustrates this by stating that:

> "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

*Id.* cmt. n. 8(B).

The Government argued that Defendant used sophisticated means by creating a fictitious vendor account, falsifying records to make it appear that the payments were legitimate, using fictitious names similar to his own to avoid detection by his own bank, debiting funds from infrequently monitored accounts, changing his methods to adapt to the new accounting technology, and attempting to delete the fictitious vendor account after detection. Gov.'s Sen. Mem. at 3-4.

Defendant contends that the means used were not sophisticated, claiming that "for a great majority of the transactions, Mr. Gutierrez simply created fictitious invoices *under his own name*, 'Antonio Otto Gutierrez' and issued checks to 'Antonio Gutierrez' or authorized electronic payments to his personal account which is maintained under his name." Def.'s Sen. Mem. at 7 (emphasis in original). Defendant also argues that the accounting system was "relatively fragile" and his means therefore were "relatively simple." *Id.*

While the Government's description of the facts is wholly supported by the sworn statement of facts, Defendant's is not. In particular, the Court does not accept the notion that the payments were made in Defendant's own name. This suit was brought against "Otto A. Gutierrez, Jr." Likewise, two letters submitted by Defendant's friends and a letter submitted by an IDB representative refer to Defendant as "Otto Gutierrez." Def.'s Sen. Mem. Attach. 1, 2; Letter (April 17, 2006). It is thus clear that Defendant goes by the name "Otto" personally and professionally, but used the fictitious names "Bernardo" and "Antonio" in perpetrating this fraud. *See id.;* Statement of Facts at 2-3.

Additionally, it is uncontroverted that Defendant created false invoices and a false vender profile in the names of these fictitious individuals, that he attempted to delete the false vendor profile to avoid detection, that he debited the payments from accounts he knew were not monitored frequently, that he adapted his techniques to the changing accounting technology, and that these techniques worked to permit fraud and avoid detection for ten years. Statement of Facts at 2-3. This constitutes "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense", including "hiding . . . transactions . . . through the use of fictitious entities, [that] ordinarily indicates sophisticated means." *See*

U.S.S.G.M. § 2B1.1(b)(9)(C) (2005) cmt. n. 8(B).  For these reasons, the Court found that the "sophisticated means" enhancement applied.

| | |
|---|---|
| **DATE: May 24, 2006** | **JOHN GARRETT PENN**<br>**United States District Judge** |